United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Indemnity Insurance Company of North America, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-19-2926 |
| Supplies & Global Logistics, et al., | § § | |
| Defendants. | § | |

## Opinion on Jetco Logistics's Dismissal

1. *Background.*

Harris CapRock Communications, Inc., contracted Supplies & Global Logistics, Inc., for transportation and warehousing. In February 2016, Harris CapRock asked Global to move three antennas from Houston, Texas, to Bayonne, New Jersey. Global used Jetco Logistics – a freight broker – to arrange transportation with Flagship Logistics, LLC. Flagship loaded the antennas, carried them, and delivered them on March 3, 2016, visibly damaged.

The insurer, Indemnity, sued Global, which then filed a third-party complaint against Jetco Logistics and its affiliate, Jetco Delivery, LLC. Global argues that Jetco Logistics and Jetco Delivery are liable under 49 U.S.C. § 14706 – the Carmack Amendment to the Interstate Commerce Act – for the damaged antennas. Global also argues that, if the Carmack Amendment is inapplicable, Jetco Logistics and Jetco Delivery's negligence or breach of contract caused the damage

Jetco Logistics has moved to dismiss Global's negligence claim, arguing it is preempted by the Interstate Commerce Act. Jetco Logistics also moved for summary judgment on Global's remaining claims.

2.  *The Carmack Amendment.*

49 U.S.C. § 14706 of the Interstate Commerce Act limits a motor carrier's liability for goods lost or damaged in interstate commerce. It also applies to freight forwarders. Freight forwarders and brokers can perform similar functions, but under the law, freight forwarders take possession of the goods and assume responsibility for transporting them to their destination.

Jetco Logistics argues that Global's Carmack Amendment claim should be dismissed because the amendment does not apply to brokers. In its response, Global argues that Jetco Logistics is a freight forwarder – and the Carmack Amendment applies – because it held itself out as a freight forwarder.

Jetco Logistics did not – and cannot – hold itself out as a freight forwarder. It does not have a motor carrier license, and it does not own trucks, trailers, or other equipment necessary to take possession of goods and transport them to their destination. In this case, Jetco Logistics handled the paperwork so that others could handle Global's cargo. Jetco Logistics's role was limited to arranging the antennas' transportation, and it never possessed the antennas or assumed responsibility for moving them. Flagship – not Jetco Logistics – received, transported, and delivered the antennas.

The Carmack Amendment does not apply.

3.  *Negligence.*

49 U.S.C. § 14501(b) of the Interstate Commerce Act preempts all state laws related to freight forwarders and brokers. Negligence claims against brokers for damaged cargo – including Global's claim against Jetco Logistics – are barred by this section.[1]

---

[1] *Huntington Operating Corp. v. Sybonney Exp., Inc.*, No. CIV.A. H-08-781, 2010 WL 1930087, at *3 (S.D. Tex. May 11, 2010).

4. *Breach of contract.*

Jetco Logistics argues that it did not breach its contract with Global because it upheld its obligation to arrange the antennas' transportation. Global argues that Jetco Logistics also agreed to ship the antennas from Houston, Texas, to Bayonne, New Jersey.

Jetco Logistics and Global did not have a fully-specified contract, but their emails establish that Jetco Logistics's role was limited to brokering the shipments. No evidence indicates that Jetco Logistics was going to do anything other than arrange the antennas' transportation by negotiating contracts with the carriers. Jetco Logistics did not agree to take possession of the goods or assume responsibility for the antennas arriving at their destination. Instead, Jetco Logistics told Global that it had arranged transportation with Flagship, and Flagship transported the antennas.

Jetco Logistics did not breach its contract with Global.

4. *Conclusion.*

Jetco Logistics is dismissed from this case.

Signed on January 26, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge