United States District Court
Southern District of Texas
**ENTERED**
January 27, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Indemnity Insurance Company of North America, | § § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-19-2926 |
| Supplies & Global Logistics, et al., | § § § | |
| Defendants. | § | |

## Opinion on Jetco Delivery's Dismissal

1. *Background.*

In February 2016, Harris CapRock contracted Supplies & Global to move three antennas from Houston, Texas, to Bayonne, New Jersey. Global used Jetco Logistics – a freight broker – to arrange transportation with Flagship Logistics, LLC. Flagship picked up the antennas, transported them, and delivered them on March 3, 2016, visibly damaged.

The insurer, Indemnity, sued Global Logistics, which then filed a third-party complaint against Jetco Logistics and its affiliate, Jetco Delivery, LLC. Global argues that Jetco Logistics and Jetco Delivery are liable under 49 U.S.C. § 14706 – the Carmack Amendment – for the damaged antennas. Global also argues that, if the Carmack Amendment is inapplicable, Jetco Logistics and Jetco Delivery's negligence or breach of contract caused the damage.

Jetco Delivery moved to dismiss Global's negligence and breach claims and moved for summary judgment on Global's Carmack Amendment claim. In both motions, Jetco Delivery says that although it is a motor carrier, it did not transport the antennas and was not involved in this shipment. Jetco Delivery argues that it is being sued only because it is affiliated with Jetco Logistics.

2. *Liability.*

Jetco Delivery is not liable for negligence, breach of contract, or damages under the Carmack Amendment because it was not involved in this shipment. Global used Jetco Logistics – not Jetco Delivery – to arrange transportation with Flagship; Flagship – not Jetco Delivery – received, transported, and delivered the antennas. Jetco Delivery did not communicate with Global, Flagship, or any other party about the antennas.

No data contradict the argument that Jetco Delivery was sued only because it is affiliated with Jetco Logistics. Global argues that Jetco Delivery is a freight forwarder and liable for the damaged antennas under the Carmack Amendment. This is a willful misreading of the documents. Although Jetco Delivery might have acted as a freight forwarder for other shipments, it did not receive, transport, or deliver the antennas in this case. It is irrelevant that Global's officers refer to Jetco Logistics and Jetco Delivery in their statements; it also irrelevant that Jetco Logistics's website and email addresses contain "Jetco Delivery." The invoices say that Jetco Delivery is to collect accounts receivable for services Jetco Logistics rendered. Jetco Delivery's role in this case – if any at all – is limited to bill collection; this does not make it a carrier, insurer, or otherwise liable for the damaged antennas.

3. *Conclusion.*

Jetco Delivery will be dismissed from this case.


Signed on January 26, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge